IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02365-BNB

ROBERT PERRETEN,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

ORDER DISMISSING CASE

    Plaintiff, Robert Perreten, is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado.  Mr. Perreten, acting *pro se*, attempted to initiate this action on August 26, 2014, by filing a letter to the Honorable John L. Kane of this Court complaining about the conditions of his confinement.

    On August 28, 2014, Magistrate Judge Boyd N. Boland entered an order directing Mr. Perreten to cure certain deficiencies if he wished to pursue any claims in this action.  Specifically, Magistrate Judge Boland directed Mr. Perreten to file on the Court-approved form a Prisoner Complaint and either to pay filing and administrative fees totaling $400.00 or to file on the Court-approved form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 along with a certified copy of his inmate trust fund account statement and an authorization to calculate and disburse filing fee payments.  Magistrate Boland also directed Mr. Perreten to file a Prisoner Complaint on the Court-approved form that complied with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure.

Mr. Perreten has not cured the deficiencies as directed. Instead, on September 8, 2014, he filed a letter stating that he does not want to proceed with this action:

> I am not asking to file anything at this time. I addressed my letter for U.S. Federal Judge John Kane. I still wish to talk with Mr. Kane. I know nothing about filing a lawsuit.
>
> So at this time I do not wish to file anything. I never asked to file anything. I would like to talk to Mr. Kane, and that is all.

ECF No. 4 at 1

The Court must construe liberally Mr. Perreten's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the September 8 letter will be treated as a notice of voluntary dismissal.

Pursuant to Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure, Mr. Perreten "may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No response has been filed by any opposing party in this action. A voluntary dismissal pursuant to Rule 41(a)(1)(A) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2d ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968). The notice closes the file. *See Hyde Constr. Co.*, 388 F.2d at 507. In addition, Local Rule 77.2, D.C.COLO.LCivR, prohibits communication with a judicial officer. Specifically, D.C.COLO.LCivR 77.2 provides that "[u]nless otherwise ordered, a

party to or an attorney in a proceeding shall not communicate directly about the proceeding in any manner with a judicial officer assigned to the proceeding." Therefore, absent an order to the contrary, Mr. Perreten may not talk directly with Judge Kane.

Accordingly, it is

ORDERED that the instant action is dismissed without prejudice pursuant to the letter (ECF No. 4) filed on September 8, 2014, by Plaintiff, Robert Perreten, and which the Court has treated as a notice of voluntary dismissal. It is

FURTHER ORDERED that the voluntary dismissal is effective as of September 8, 2014, the date the notice of voluntary dismissal was filed in this action.

DATED at Denver, Colorado, this  11th  day of   September  , 2014.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court